# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN

TRICE III, OBIE, an individual,

    Plaintiff,

                                  Hon.
                                  Civil Case No.: 17-cv-13194

v.                                  Complaint for:

                                  1. Violation of Lanham Act 15
DIFFERENTIAL BRANDS GROUP, INC,    U.S.C. §1125(a)(1)(A)
a Delaware Corporation,                       2. Violation of Lanham Act 15
HUDSON CLOTHING, LLC, a California    U.S.C. §1125(c)
limited liability company, and                3. Violation of the Michigan
JOHN DOES 1 – 5,                             Common Law Right of Publicity
                                  4. Violation of Common Law Con-
    Defendants.                             tributory Trademark Infringement

                                  *DEMAND FOR JURY TRIAL*

THE HARFOUCH LAW FIRM, PLLC
Nadeem Noah Harfouch (P76362)
631 East Big Beaver Road, Suite 211
Troy, MI  48083
Ph:    248-274-6529
Fax:   248-850-2424
nharfouch@harfouchlaw.com

      There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint.

## COMPLAINT AND JURY DEMAND

      NOW COMES Plaintiff, Obie Trice III ("Plaintiff"), by and through his counsel, The Harfouch Law Firm, PLLC, and he hereby asserts this Complaint against DIFFERENTIAL BRANDS GROUP, INC., a Delaware Corporation and their subsidiary HUDSON CLOTHING, LLC, a California limited liability company; and JOHN DOES 1 - 12 (collectively referred to as "Defendants") based on the following:

1

## PRELIMINARY STATEMENT

1. This is an action for trademark infringement, unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of right of publicity under common laws of the State of Michigan, all arising from the Defendant's unauthorized use of the mark "Obie Trice" in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendants' goods.

2. Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3. Plaintiff reasserts and incorporates by reference Paragraphs 1 through 2 of this Complaint as though fully stated herein.

4. This is an action for, inter alia, violation of 15 U.S.C. § 1125(a) and 15 U.S.C. § 1125(c) as well as violation of the Michigan common law right of publicity.

5. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and 1338(a), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

6. Plaintiff reasserts and incorporates by reference Paragraphs 1 through 5 of this Complaint as though fully stated herein.

7. Venue is proper in this district under 28 U.S.C. § 1391, in that Defendant is deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction and under 28 U.S.C. § 1391(b)and (c), in that the acts alleged against Plaintiff occurred in this judicial district.

8. Defendants purposefully direct their business activities toward Michigan, just as they have toward all other states.

9. Upon information and belief, substantial sales in Michigan are facilitated through their websites each year. Defendants promote themselves to Michigan users, have substantial contacts with Michigan, and, upon information and belief, earn substantial profits from its website's use in Michigan, as well as sales to retail stores in Michigan.

## PARTIES

10. Plaintiff reasserts and incorporates by reference Paragraphs 1 through 9 of this Complaint as though fully stated herein.

11. Plaintiff, OBIE TRICE III, is an individual and resident of Commerce, Michigan.

12. Upon information and belief, Defendant, DIFFERENTIAL BRANDS GROUP, INC. ("DBG"), is a Delaware Corporation, with registered office at 251 Little Falls Drive, Willmington, Delaware 19808.

13. Upon information and belief, Defendant, HUDSON CLOTHING, LLC, is a California limited liability, and upon information and belief, is a subsidiary of DBG, with its principal place of business located at 1231 South Gerhart Avenue, Commerce California 90022.

14. Plaintiff is currently unaware of the true names and capacities of JOHN DOES 1 - 12, inclusive, and therefore sues them by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when they are ascertained.

15. Defendants, and each of them, are, and at all terms herein were, the alter-ego, principal, agent, employee, employer, joint venturer, customer, and/or otherwise affiliated with one another so as to be liable in such capacity for the acts alleged herein.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF
## OBIE TRICE III

16. Plaintiff reasserts and incorporates by reference Paragraphs 1 through 15 of this Complaint as though fully stated herein.

17. OBIE TRICE III ("Plaintiff") is an internationally known celebrity, recording artist and rapper, entrepreneur, and pop culture icon.

18. Plaintiff has attained an extraordinary level of popularity and fame in the United States and around the world, and is the subject of pervasive public interest and attention in contemporary mainstream media, including web-based media and social media.

19. Plaintiff is featured in the massively popular track "Without Me," which was recorded by world-renowned rapper Eminem for the album *The Eminem Show*. The album, which was released in 2002, reached number one in 19 countries, including Australia, Canada, the United Kingdom and the United States. Furthermore, the song was featured in a major 2016 motion picture soundtrack.

20. Plaintiff uses his birth name, "Obie Trice," as his stage name, which name is unique among his peers.

21. Plaintiff has an extensive following, including, but not limited to a large following online and on social media.

22. Plaintiff has been rapping for close to 30 years. He has had major success hits, with such tracks as of "Respect, "Dope Jobs Homeless," "The Well Known A*****," and many more. With such success, he was signed to Eminem's label, Shady Records under Interscope. He has had guest appearances on such albums as D12's "Devils Night" and on DJ Butter's 2nd mix tape "S*** Happens".

4

23. Obie Trice's first album released in the summer of 2002, being produced by Moss, DJ Head, Kon Artist, Alchemist, Rush, Dr. Dre, and Eminem.

24. In June 2015, Obie Trice released the first single "Good Girls" from his then-upcoming album *The Hangover*, which was released in August 2015. The track was produced by the Grammy award-winning producer Magnedo7, who was one of the producers of Eminem's seventh studio album, *Recovery*.

25. In 2016, Trice announced that he was already crafting his 5th studio album. He, also, revealed plans of a box set that included all 4 of his already-released studio albums, along with previously unreleased tour footage.

26. Plaintiff is the founder and owner of a record label call Black Market Entertainment.

27. Plaintiff has invested substantial time, energy, finances and entrepreneurial effort in developing his considerable professional and commercial achievements and success, as well as in developing his popularity, fame, and prominence in the public eye.

28. Plaintiff's name, likeness, identity and persona have become widely known by a substantial segment of the public in the United States and internationally, and thereby have become, and are, valuable commercial assets that symbolize the Plaintiff and the level of quality associated with Plaintiff's products, services and entertainment performances, and the goodwill that is associated with them.

29. Plaintiff regularly receives substantial financial offers requesting permission for, and seeking the use of, his name, likeness, identity and persona for licensing, endorsing, marketing and promoting products and performances.

30. Plaintiff maintains strict control over the manner in which his name, likeness, identity and persona are used. Plaintiff exercises careful consideration in selecting and approving

products, services or performances that he will permit to license or use his name, likeness, identity or persona.

31. Plaintiff restricts such use and licensing to products, services and performances that are of acceptable quality to Plaintiff, and for which compensation is commensurate with the exploitation and value thereof.

32. As a result of widespread, continuous and exclusive use of his name in licensing, endorsing, marketing and promoting products and performances and to identify Plaintiff as their source, Plaintiff owns valid and substantial federal statutory and common law rights to an unregistered trademark protected by the Lanham Act.

33. Plaintiff's trademark "Obie Trice" is distinctive to both the consuming public and Plaintiff's trade.

## DEFENDANTS' WRONGFUL CONDUCT

34. Plaintiff reasserts and incorporates by reference Paragraphs 1 through 33 of this Complaint as though fully stated herein.

35. Upon information and belief, Defendants are engaged in the apparel and fashion business.

36. Upon information and belief, Defendants conduct business through the operation of fully interactive internet websites operating under the domain names www.differentialbrandsgroup.com and www.hudsonjeans.com. Defendants also distribute clothing to retail stores such Macy's, Nordstrom, and Evereve, among many others.

37. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in his trademark "Obie Trice", Defendant

6

adopted and began using a mark identical to Plaintiff's trademark "Obie Trice" in commerce.

38. Upon information and belief, Defendants created a line of jeans with Plaintiff's name emblazoned in large letters near the back-right pocket. The Infringing Mark adopted and used by Defendant is identical to Plaintiff's trademark "Obie Trice."

39. Upon information and belief, Defendants have been engaged in the distribution, provision, advertising, promotion, offering for sale, and sale of jeans using the Infringing Mark throughout the United States and internationally through their website.

40. Upon information and belief, the goods Defendants have distributed, provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark have received attention and interest from the consuming public as a direct and proximate result of Defendants' unlawful use and misappropriation of Plaintiff's likeness, identity and persona.

41. Upon information and belief, the infringing product is likely to cause confusion, and has caused actual confusion, in the minds of the consuming public as to an association of Obie Trice III with Defendants' products and services.

42. Upon information and belief, the infringing product falsely represents that Obie Trice III sponsors, endorses, or is associated with, Defendants.

43. Upon information and belief, Defendants have marketed, advertised, and promoted their jeans with the Infringing Mark through the internet and at retail outlets where Obie Trice III fans have seen them.

44. In choosing those marketing channels, Defendants have increased the likelihood of confusion and have caused actual confusion in the minds of the consuming public.

45. Upon information and belief, Defendants offer and sell its product with the Infringing Mark to the Hip-hop segment of consumers, inter alia. The Hip-hop segment of consumer's is Obie Trice III's main and target audience.

46. Plaintiff did not authorize Defendants to use his name, likeness, identity, or persona in connection with the Infringing Product, or otherwise.

47. Plaintiff was not contacted by Defendants to seek or to obtain his permission, nor was he compensated by Defendants, for the use of his name, likeness, identity or persona.

48. The use of Plaintiff's name, likeness, identity, and persona by Defendants was, and is, in conscious disregard of Plaintiff's right of publicity, and of his exclusive right to control the use and exploitation of his name, likeness, identity and persona.

49. The misappropriation and use of Obie Trice's name, likeness, identity and persona by Defendants was intentional. Defendants' misappropriation was purposefully designed and has led the consuming public to believe that Plaintiff sponsored, endorsed or was associated with Defendants' products and services.

50. Defendants have created a likelihood of confusion in the minds of the consuming public as to source, sponsorship, endorsement, or association of Obie Trice with Defendants, and with their products and services.

51. Defendants have profited, and will continue to profit, from their unlawful and intentional misappropriation and use of Obie Trice's name, identity, likeness, and persona.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE LANHAM ACT 15 U.S.C. § 1125(a)**

52. Plaintiff reasserts and incorporates by reference Paragraphs 1 through 51 of this Complaint as though fully stated herein.

53. In doing the acts alleged herein, Defendants have engaged in commercial activity that is likely to cause confusion and/or mislead consumers into believing that Plaintiff has endorsed, sponsored, or otherwise approved of their products and services when in fact he has not.

54. Defendant's acts as set forth herein have, in fact, misled and confused consumers, and continue to mislead and confuse consumers.

55. Defendants' conduct constitutes a willful violation of 15 U.S.C. §1125(a)(1)(A).

56. As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE LANHAM ACT 15 U.S.C. § 1125(c)

57. Plaintiff reasserts and incorporates by reference paragraphs 1 through 56 of this Complaint as though fully stated herein.

58. Plaintiff's "Obie Trice" Mark is a distinctive and "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

59. Plaintiff's "Obie Trice" Mark became distinctive and famous prior to the Defendant's acts as alleged herein.

60. Defendant's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous "Obie Trice" Mark.

61. Defendant's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's "Obie Trice" Mark by undermining and damaging the valuable goodwill associated therewith.

62. Defendant's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

63. Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### THIRD CLAM FOR RELIEF
### VIOLATION OF THE MICHIGAN COMMON LAW RIGHT OF PUBLICITY

64. Plaintiff reasserts and incorporates by reference Paragraphs 1 through 63 of this Complaint as though fully stated herein.

65. In doing the acts alleged herein, Defendants have used for commercial purposes Plaintiff's name, likeness, identity, and persona without his consent.

66. The commercial use and misappropriation of Plaintiff's name, likeness, identity, and persona is a violation of the Michigan common law right of publicity.

67. As a proximate result of Defendants acts alleged herein, Plaintiff has suffered and will suffer damages in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
### COMMON LAW CONTRIBUTORY TRADEMARK INFRINGEMENT

68. Plaintiff reasserts and incorporates by reference Paragraphs 1 through 67 of this Complaint as though fully stated herein.

69. Defendant's acts as alleged herein described above and specifically, without limitation, their knowledge, participation, and inducement of the unauthorized use of the "Obie

Trice" trademark, and confusingly similar variations thereof, by third-party vendors, in commerce to advertise, market, and sell Defendant's products throughout the United States and the world, constitute contributory trademark infringement in violation of federal law.

70. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the "Obie Trice" Mark, and injury to Plaintiff's business.

71. Upon information and belief, the actions of Defendants knew or had reason to know that their vendors were engaging in infringing activity.

72. Upon information and belief, the actions of Defendants described above were and continue to be deliberate and willful.

WHEREFORE, Plaintiff requests entry of judgment against Defendants as follows:

1. A preliminary and permanent injunction requiring Defendants and their agents, servants, and employees, and all other persons with whom they are acting in concert to refrain from using Plaintiff's name, likeness, identity, or persona in any promotion, advertising, marketing activities, or sale of goods.

2. Compensatory damages, consequential damages, lost profits, and/or disgorgement of Defendants' profits.

3. An award of attorneys fees and costs.

4. Enhanced damages.

5. Punitive damages.

6. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods/services.

7. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark infringing "Obie Trice" mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's "Obie Trice" mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark infringing "Obie Trice" mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's "Obie Trice" mark, and to immediately remove them from public access and view.

8. Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,                    THE HARFOUCH LAW FIRM, PLLC


Dated: September 1, 2017                   /s/ Nadeem Noah Harfouch
                                           Nadeem Noah Harfouch (P76362)
                                           631 East Big Beaver Road, Suite 211
                                           Troy, MI 48083
                                           Ph:    248.274.6529
                                           Fax:   248.850.2424
                                           nharfouch@harfouchlaw.com

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff Obie Trice III, by and through his attorneys, The Harfouch Law Firm, PLLC, and he hereby asserts his demand for a trial by a jury of his peers, pursuant to FRCP 38(b).

Respectfully submitted,

Dated: September 1, 2017                   /s/ Nadeem Noah Harfouch
                                           Nadeem Noah Harfouch (P76362)
                                           631 East Big Beaver Road, Suite 211
                                           Troy, MI 48083
                                           Ph:    248.274.6529
                                           Fax:   248.850.2424
                                           nharfouch@harfouchlaw.com